IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **BONNIE JEAN MELTON,**<br><br>    Plaintiff,<br><br>v.<br><br>**AMERICAN MULTI-CINEMA, INC.,**<br><br>    Defendant. | 8:14CV156<br><br><br>PROTECTIVE ORDER |

This matter is before the court on the Joint Motion for Protective Order (Filing No. 42) filed by the parties in the above-captioned matter. The court, being fully advised in the premises, finds as follows:

**IT IS ORDERED** that the Joint Motion for Protective Order (Filing No. 42) is granted.

**IT IS FURTHER ORDERED** that the Parties are limited in their disclosure and use of confidential and proprietary information as follows:

1.  In this action, the parties have sought and are seeking through discovery information which is confidential and proprietary in nature.

2.  Confidential Information shall include, but not be limited to, any document, file, electronic material, portions of files, transcribed testimony or responses to discovery requests, including any extract, abstract, chart, summary, note or copy made therfrom containing or comprising:

    i.  Defendant's company policies and procedures;

    ii. Defendant's proprietary business or financial information;

    iii. Documents and information pertaining to individuals outside of Plaintiff that were or are employed by Defendant or a non-party;

      iv.      Plaintiff's financial information; and

      v.      Information related to the medical care and treatment of Plaintiff;

("Confidential Information").

3.    The release or disclosure of the Confidential Information outside the scope of this litigation would harm the business interests or otherwise embarrass or invade the privacy of the designating party.

4.    The terms of this Protective Order shall apply to Confidential Information produced by Plaintiff, Defendant, and any non-party who produces documents as a result of discovery subpoenas or other requests, including, but not limited to, information or materials marked "Confidential," already produced.

5.    The terms of this Protective Order shall apply to the parties and each and every attorney with the law firms representing any party in this case.

6.    Where any kind of Confidential Information is produced, provided or otherwise disclosed by a party or a non-party in response to any discovery request or subpoena, such Confidential Information shall be designated as such by stamping "CONFIDENTIAL" on the documents that will be covered by this Protective Order, and such stamp shall be preserved on the copies of such documents, including, but not limited to, pages of any deposition transcript or exhibit which discloses or discusses the protected information.  Such documents, information or materials may be so designated as Confidential only if they are not otherwise publicly available.

7.    This Protective Order shall be without prejudice to the right of any of the parties to this action (i) to seek any further Protective Order; or (ii) by application and notice, to seek relief from any provision of the Protective Order contemplated hereby on any ground.  During the pendency of any challenge to the applicability of this Protective Order to any document,

information or thing, however, said document, information or thing shall remain subject to the provisions of this Protective Order.

8. Except as provided in this Protective Order, Confidential Information shall not be disclosed to anyone other than the Court and its staff, the parties hereto, their attorneys of record in this litigation and their employees who are assisting such attorneys in this litigation, any in-house counsel, court reporters who record deposition or other testimony, witnesses, deponents, consultants and/or experts.

9. Any Confidential Information shall be treated as confidential by the parties, their attorneys and persons assisting their attorneys. The parties' attorney will inform each person to whom such Confidential Information is disclosed that such person is strictly forbidden by this Order to disclose such Confidential Information under any circumstances. If any Confidential Information covered by this Protective Order is used at a deposition or in any other proceeding in this case, it shall be handled as confidential and maintained under seal from public view.

10. If any party, attorney or individual shall disclose Confidential Information to a consultant or expert witness, it is the obligation of the disclosing party to provide such person with a copy of the Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto and marked as Exhibit A) whereby such person agrees to be bound by the terms of this Protective Order. A copy of each executed Confidentiality Agreement shall be maintained by the disclosing party or counsel for the disclosing party in a secure place and, upon request, shall produce the same to the non-disclosing party or counsel for the non-disclosing party. If any party discloses Confidential Information to an expert witness who is not expected to be called as a witness at trial ("non-trial expert"), the disclosing party still has the obligation to provide the non-trial expert with a copy of this Protective Order and obtain a signed

Confidentiality Agreement (in the form attached hereto and marked as Exhibit A) whereby the non-trial expert agrees to be bound by the terms of this Protective Order. Although a copy of each executed Confidentiality Agreement obtained from such non-trial expert shall be maintained by the disclosing party or counsel for the disclosing party in a secure place, a copy of said executed Confidentiality Agreement shall be produced to the non-disclosing party only upon court order.

11. If any person to whom disclosure is permitted under this Protective Order is a non-party witness or deponent who has not signed a Confidentiality Agreement in the form attached as Exhibit A, then it is the obligation of the disclosing party to ensure that such person is not permitted to retain or make copies of any Confidential Information disclosed to such person, whether such Confidential Information is contained in a deposition, brief, pleading, affidavit or other form. Confidential Information shall not be used for any purpose outside the reasonable conduct of this case.

12. Confidential Information shall not be used or disclosed by the parties or their attorneys, except as necessary for the prosecution of claims in this action, and in no event shall they be disclosed to any person who is neither a party nor a potential witness to this action nor employed or consulted by a party's attorneys to assist those attorneys in the preparation of this case.

13. In the event that any party uses any Confidential Information in connection with any pretrial motion or at trial, such Confidential Information will not be made part of the public record, and the Court shall not permit disclosure of any Confidential Information or any portion thereof except as provided herein.

14. Should a party object to the designation of documents or materials as Confidential, the objecting party shall, within 30 days, notify the opposing party or the opposing party's attorneys in writing of such objection. Failure by either party to object to the confidentiality designation within the time prescribed will serve as a waiver of any subsequent objection. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court, which may conduct an *in camera* inspection of the materials. The party seeking confidentiality of this information shall have the burden of establishing that the information is entitled to confidential treatment. If the challenging party fails to apply for relief from the Court within 60 days from receipt of the confidential materials, the party will be considered to have abandoned its objection and will be estopped from any further assertion of the same.

15. Nothing contained in this Protective Order shall be construed to prejudice any party's right to use at trial, or otherwise before the Court, any Confidential Information protected by this Protective Order, but any such Confidential Information shall only be used, and its confidentiality protected, as determined and directed by the trial Court.

16. Upon final determination of this action, including all appeals, each party must destroy documents or materials containing Confidential Information or return it to the party or non-party that produced it.

17. This Court shall maintain its copies of the documents or materials containing Confidential Information protected under this Protective Order under access restricted to counsel for the parties and the Court and shall not permit them to be inspected by the public.

18.	Entry of this Protective Order does not constitute a waiver of any objections raised by a party to the production of any documents or information even if such documents or information are encompassed within this Protective Order.

Dated this 21st day of July, 2015.

             BY THE COURT:

             s/ Thomas D. Thalken
             United States Magistrate Judge

Exhibit A

**CONFIDENTIALITY AGREEMENT**

    The undersigned hereby acknowledges that he/she has read the Protective Order dated _____, 2015 entered by the United States District Court for the District of Nebraska in the action entitled *Bonnie Jean Melton v. American Multi-Cinema, Inc.*, Case No. 8:14-cv-00156, that he/she understands the terms thereof and that he/she agrees to be bound by such terms.

    Dated this _____ day of _____, 20\_\_\_.

    _____